**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KRISTOPHER EDWARD BOGER,

    Defendant - Appellant.

No. 25-4027
(D.C. No. 4:24-CR-00029-AMA-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

In 2025, a jury convicted Kristopher Edward Boger of simple assault, in violation of 18 U.S.C. § 111(a)(1). Boger appeals, arguing the district court improperly excluded relevant evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

This case stems from an altercation in Dixie National Forest between two loggers, Boger and his brother, and a United States Forest Service road engineer, Robert Miller. Miller approached the brothers regarding road repairs while they were hauling timber. The conversation escalated into a physical altercation and the brothers were later charged with assaulting a federal employee acting within the scope of his employment.

Boger and his brother sought to introduce evidence that Miller breached various terms of a contract with their employer when he approached them about the road repairs. The government moved in limine to exclude evidence related to the defense's breach-of-contract theory. The district court granted the government's motion and excluded the evidence as irrelevant under Federal Rule of Evidence 401.

At trial, Boger sought to admit a Forest Service inspection report that he argued was relevant to whether Miller was acting within the scope of his official duties at the time of the alleged assault. The district court declined to admit the report, reasoning that the proposed exhibit was inadmissible under its order on the motion in limine. The district court also ruled that the proposed exhibit was inadmissible under Federal Rule of Evidence 403 because it had the potential to confuse the issues and mislead the jury.

The jury convicted Boger of simple assault (a lesser included offense) and acquitted his brother. Boger appeals.

## II.  DISCUSSION

"We review a district court's evidentiary rulings for an abuse of discretion, according deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters." *United States v. Rudolph*, 152 F.4th 1197, 1229 (10th Cir. 2025) (brackets and internal quotation marks omitted).  "Under this standard, we will not disturb a trial court's decision unless we have a definite and firm conviction that the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (brackets and internal quotation marks omitted).  "Our deferential review applies both to a trial court's threshold determination of relevance under Rule 401 and to its conclusion under Rule 403 that relevant evidence should nonetheless be excluded due to its tendency to cause jury confusion or unfair prejudice." *Tanberg v. Sholtis*, 401 F.3d 1151, 1162 (10th Cir. 2005).

The district court did not abuse its discretion by restricting Boger from presenting evidence related to the defense's breach-of-contract theory.  Whether Miller breached a contract with Boger's employer was not relevant to the criminal charges or to any fact in dispute at trial.  The district court acted within its discretion to exclude this irrelevant evidence.  *See Rudolph*, 152 F.4th at 1229; Fed. R. Evid. 401.

Alternatively, the district court determined the Forest Service inspection report was inadmissible under Rule 403 because it had the potential to confuse the issues and mislead the jury.  "Rule 403 grants a district court discretion to exclude even

relevant evidence if its probative value is outweighed by such considerations as unfair prejudice, confusion of the issues, or misleading the jury." *United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009). Here, the district court also did not abuse its discretion. After all, the report was not written by Miller or any of the other witnesses who testified at trial. Boger has not met his burden to show that the district court "made a clear error of judgment or exceeded the bounds of permissible choice" by excluding it for potentially confusing the issues and misleading the jury. *Rudolph*, 152 F.4th at 1229 (internal quotation marks omitted).

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge